IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO. 1:08cr10-SPM/AK

DOREEN SAGER,

        Defendant.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S BOND DETERMINATION

This cause comes before the Court on Defendant's Motion for District Court to Review Magistrate Judge's Order, through which Defendant requests a reduction of bond. Doc. 207. A defendant may seek review and amendment of bond under Title 18, United States Code, Section 3145(a)(2).

In the motion, Defendant complains that the amount set for bond is excessive. The $500,000 personal surety bond and $250,000 corporate surety bond were set by Magistrate Judge Ann E. Vitunac of the Southern District of Florida. Doc. 141 at 9-11. Judge Vitunac's bond order was adopted by Magistrate Judge Allan Kornblum when Defendant made her initial appearance in the Northern District of Florida. Doc. 161.

Defendant contends that the bond is excessive because she is not a flight

risk and because the amount is impossible for her to meet.  Defendant notes that after her husband fled, she voluntarily returned from the Virgin Islands.  Defendant contends that no evidence or testimony supports Judge Vitunac's finding that "$1,000,000 [was] found in the attic of her home in Jupiter, Florida."  Doc.141 at 11.  She also contests, as a violation of her Fifth Amendment protection against self-incrimination, the requirement to show that neither she nor her husband, co-defendant John Sager, contributed to the collateral that family members have offered to pledge toward the bond.

     I have carefully reviewed the record in this case and make a de novo determination that Defendant poses a serious risk of flight and that the bond imposed is necessary to secure her presence for trial.  This determination is made without reliance on the $1,000,000 cash supposedly found in Defendant's attic and seized as a result of her husband's plea to tax charges.  The determination would remain the same even if, as Defendant contends, the seizure "was made not of cash but largely of property, vehicles, and planes."  Doc. 141 at 13.   What is significant is that Defendant's husband's drug activity generated large profits.[1]  The profits were made accessible to Defendant and provide reason and means for Defendant to flee.

---

[1] The assets identified for forfeiture in this case include 12 parcels of real property, 8 automobiles, 3 motorcycles, 1 boat, 6 airplanes, plus bank accounts and other items.  See Indictment, doc. 180.

CASE NO. 1:08cr10-SPM/AK

Defendant has family ties, but her husband's flight makes her a risk for flight. The fact that Defendant voluntarily returned from the Virgin Islands tempers the risk, but the Court still deems the risk to be serious.

Defendant objects to condition that collateral pledged by family members toward the bond be shown not to come from Defendant or her husband. It is entirely appropriate to consider the source of collateral posted to determine if it is reasonably sufficient to assure Defendant's appearance. United States v. Nebbia, 357 F.2d 303 (2d Cir. 1966); 18 U.S.C. § 3142(g)(4). If the collateral comes from illegal proceeds, its value in assuring Defendant's presence is greatly reduced. Finally, Defendant's contention that she cannot meet the bond does not mean that the bond is excessive. United States v. Wong-Alvarez, 779 F.2d 583, 584-85 (11th Cir. 1985).

The Court adopts the findings of the magistrate judge and, upon de novo review, finds that Defendant is a serious risk for flight. The bond set is necessary to assure Defendant's presence at trial. Accordingly, it is

ORDERED AND ADJUDGED: Defendant's motion (doc. 207) for reduction of bond is denied, and the magistrate judges' bond determination is affirmed.

DONE AND ORDERED this 9th day of March, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

Case No. 1:08cr10-SPM